19324

Richard KAMINSKI, Individually and representing the taxpayers of the City of Georgetown, South Carolina, Appellant, v. O. M. HIGGINS, as Mayor, et al., Respondents.

(185 S. E. (2d) 365)

*John T. Walker, Esq.,* of Georgetown, *for Plaintiff-Appellant,* cites:

*Messrs. Hubbard McDonald, Asst. Atty Gen.* of Columbia, *Patrick J. Doyle* of Georgetown, *and Thomas A. Hutcheson,* of *Sinkler Gibbs Simons and Guerard,* Charleston, *for Defendants-Respondents,* cite:

November 30, 1971.

*Per Curiam:*

This action for declaratory judgment questions the constitutionality of an Act of the General Assembly approved May 22, 1970, authorizing the City of Georgetown to issue $300,000.00 in general obligation bonds for the construction of a combination police station and fire house. The Act undertakes to authorize the issuance of these bonds without the election required by Article VIII, Section 7 of the Constitution of South Carolina, by requiring the pledge of "revenues to be derived from business licenses to the extent reasonably sufficient to pay such obligations without resorting to the levy of a property tax." Relying upon *Briggs v. Greenville County,* 137 S. C. 288, 135 S. E. 153 (1926), the authorities therein cited and more recent decisions of this court, *e.g., Mims v. McNair,* 252 S. C. 64, 165 S. E. (2d) 355 (1969), the circuit court sustained the validity of the Act by application of what has come to be known in the field of public finance in this State as the special fund doctrine.

We reverse on the authority of *Robinson v. White,* S. C., 182 S. E. (2d) 744 (1971), in which, on similar facts, a divided court held this doctrine to be inapplicable to municipal bonds to be paid in substantial part from the pledge of revenues derived from business licenses, which, as here, were unrelated to the public improvement for which the bonds were authorized. It should be noted that the circuit decree in this case was issued several months before the decision in *Robinson.*

Reversed.